FILED
SUPERIOR COURT
OF GUAM

2022 MAY -2 PM 1: 23

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LAYLA STORY-BERNARDO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM, et al.,<br><br>Defendants. | Superior Court Case No.: <u>CV0733-20</u><br><br>**DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS AMENDED CLASS ACTION COMPLAINT** |

In this class action seeking enforcement of employment benefits under a Guam Department of Administration personnel rule, the Court considers whether the government has waived its sovereign immunity. Upon reviewing the record and relevant facts, the Court determines that there has been no such waiver. Accordingly, the Court GRANTS Defendant Government of Guam's Motion to Dismiss and dismisses all claims stated in the Amended Class Action Complaint.

## I.    PROCEDURAL BACKGROUND

Plaintiffs, who are government employees, initiated this class action proceeding against the Governor of Guam and various Government of Guam agencies. Class Action Compl. (Oct. 6, 2020). Plaintiffs allege Rule 8.406 of DOA's Personnel Rules and Regulations entitles them to double pay and/or overtime during a public health emergency, but that Defendants denied them such benefits. Class Action Compl. ¶ 36; Am. Class Action Compl. ¶¶ 33, 36, 82 (Sep. 16, 2021). Plaintiffs seek a judgment of no less $100,000,000.00 for all double pay owed to Plaintiffs and the class. Am. Class Action Compl. at 22. They also seek a declaratory judgment and estoppel.

Most, if not all, Plaintiffs have elected to bypass the administrative review process. They allege that "any attempt to exhaust applicable administrative remedies would be futile" because Governor Lourdes Leon Guerrero, the DOA director, Edward Birn, and the Attorney General have declared Plaintiffs are not entitled to double pay. Am. Class Action Compl. ¶¶ 89-90. Plaintiffs also point to the closure of government agencies to hear grievances as demonstrating the futility of exhausting administrative remedies. Am. Class Action Compl. ¶ 91.

This Court, under Judge Pro Tempore Teresa Kim-Tenorio, granted a motion to dismiss Plaintiffs' original complaint with leave to amend. Relevant to the present motion to dismiss, the Court ruled that the government waived sovereign immunity as it was futile for Plaintiffs to exhaust their administrative remedies. Dec. and Order at 16 (May 27, 2021).

Plaintiffs then amended their Complaint, and this matter was reassigned to this Judge. Am. Class Action Compl.; Not. Judge Assignment (Nov. 22, 2021).[1] The Government again moved to dismiss. Defs.' Mot. Dismiss (Nov. 19, 2021). The Court heard the government's Motion on February 21, 2022.

## II.  LAW AND DISCUSSION

### A.  Count 1 (Violation of Double Pay for Emergency Conditions) is barred by the doctrine of sovereign immunity.

Defendants seek dismissal on grounds that the Government has not waived its sovereign immunity from suit. Sovereign immunity is a component of subject matter jurisdiction. *Ehlert v. University of Guam*, 2019 Guam 27 ¶ 11. Jurisdiction is a threshold question and the plaintiffs have the burden to prove jurisdiction exists. *Id.*

In its earlier Decision and Order, the Court cited the *Ehlert* holding that government of Guam employees may pursue two different methods for overcoming sovereign immunity: they

---

[1] On February 21, 2022, the Court issued a Form Three - Disqualification Notice of Potentially Disqualifying Facts which supplemented its earlier October 27, 2020 Form One - Disqualification. No party has presented objections to this Judge presiding over this case.

can seek judicial review of a final adverse action or they can pursue potential remedies under the Government Claims Act ("Claims Act"). Dec. and Order at 15. Without identifying which route these Plaintiffs selected, the Court concluded that the government somehow waived sovereign immunity because it was futile for Plaintiffs to exhaust administrative remedies. Dec. and Order at 15-16.

Being confronted again with the issue of jurisdiction in this second motion to dismiss which was filed in response to the filing of the Amended Complaint,[2] the Court explores the existence of sovereign immunity under either of the two routes that Plaintiffs can use to establish jurisdiction. As a preliminary matter, the Amended Complaint does not assert any remedy under the Claims Act, and it is unclear whether any Plaintiff possesses a contract that entitles him or her to relief under the Claims Act. Even further, when the Court asked counsel at oral argument what administrative process applies to their claim under DOA Rule 8.406, counsel responded that typically they would file a grievance. This calls into question whether any Plaintiffs qualify under the Claims Act. Plaintiffs have the burden of establishing subject matter jurisdiction, but they facially and procedurally fail to place their claims under the Claims Act. Because they did not plead the applicability of the Claims Act or took the Claims Act's administrative procedure route, and because they conceded it was more appropriate to file a grievance, the Court here finds that any claims under the Claims Act have not been alleged. In other words, as regards any claims under the Claims Act, Plaintiffs fail to establish either jurisdiction or a waiver of sovereign immunity.

---

[2] Jurisdiction can be raised at any time. *Guam Mem'l Hosp. v. Super. Ct.*, 2012 Guam 17 ¶ 8. The parties had litigated whether the earlier Decision and Order formed the law of the case. The Court declines to review the law of the case arguments and instead focuses on the presence or absence of jurisdiction.

Because at oral argument Plaintiffs instead point to a potential employment grievance procedure (for which they also allege exhaustion was futile), the Court now examines whether sovereign immunity has been waived under that route. Plaintiffs rely on *Limtiaco v. Guam Fire Dep't*, 2007 Guam 10, in which a government employee brought a mandamus action to enforce a settlement agreement over back pay reached between himself and the Civil Service Commission ("CSC"). The government sought dismissal on sovereign immunity grounds and for failure to file an action under the Claims Act. The court ruled that sovereign immunity did not apply to awards given by the CSC in a grievance proceeding.

While Plaintiffs point to *Limtiaco* for proof that sovereign immunity has been "waived," a closer reading of *Limtiaco* reveals that the court found not waiver, but an inapplicability of the doctrine of sovereign immunity to "back pay *awards* owing by the Government of Guam." *Id.* ¶ 33 (emphasis added). Citing *Guam Power Authority*, 967 F.2d 586 (9th Cir. 1992), *Limtiaco* reinforced the Ninth Circuit's holding that when a back pay award is given by the CSC, sovereign immunity does not apply because "the award is not rendered by a court." 2007 Guam 10 ¶ 34. Unlike the Plaintiffs here, Limtiaco endured the CSC process and obtained a settlement, which the court considered to be an award. It is the appeal from an award of a CSC grievance procedure that Guam courts have found to pass (or bypass) jurisdictional concerns.

Here, Plaintiffs argued that some Plaintiffs initiated CSC grievances but have not received decisions from the government. Other Plaintiffs believe the administrative process is futile given the government's stalled handling of these grievances and because of the Governor's pronouncements that the government will not pay double pay. But in eliminating the crucial step of following and completing this administrative process, Plaintiffs also eliminated the means by which they can overcome sovereign immunity concerns. Absent a CSC award, Plaintiffs still need to establish jurisdiction.

Moreover, they cannot establish jurisdiction just by claiming futility inherent in pursuing their administrative grievances. The Guam Supreme Court has made clear that any waiver of sovereign immunity must be express. *Gange v. Gov't of Guam*, 2017 Guam 2 ¶ 15 ("[i]f sovereign immunity is applicable and would otherwise act to deprive the courts of subject matter jurisdiction, only duly enacted legislation can waive this immunity, and any waiver must be express."). Inferring a waiver through inaction by the government fails to meet the standard of express waiver.

Setting aside the lack of express waiver of sovereign immunity, the Court has found no case or doctrine which states that if the pursuit of administrative remedies--from which an appeal would alleviate sovereign immunity concerns--is deemed futile, then sovereign immunity still no longer applies. Plaintiffs even cite 5 GCA § 9240 for support that "various legal structures have been established to allow Government employees to seek the pay due to them." Opp. at 3 (Jan. 7, 2022). But section 9240 permits judicial review after agency decisions, thereby still requiring a level of administrative review. Overcoming sovereign immunity on the grievance route requires an award or a CSC ruling at the least, and Plaintiffs have not alleged or obtained that. And unlike the Claims Act, in the grievance context, there is no statutory provision that waives or disavows sovereign immunity and allows a direct route to the court in the event of administrative futility.

For that reason, the Court finds that Plaintiffs fail to establish either a waiver or an inapplicability of sovereign immunity, and therefore fail to establish subject matter jurisdiction. If any Plaintiff's claim falls under the Government Claims Act, he or she must pursue that route administratively or plead the applicability of the Claims Act so that the Court can make the appropriate determination of waiver. If any Plaintiff's claim falls under the grievance route, they must pursue that procedure in order to overcome sovereign immunity concerns. Because

Plaintiffs fail to demonstrate that they have taken these steps, the Court lacks jurisdiction to adjudicate their claims.[3]

### B. Count 2 (Declaratory Judgment) is barred by sovereign immunity.

While the Court has determined that Count 1, as pled, is barred by the doctrine of sovereign immunity, the Court now examines whether sovereign immunity also precludes the remaining counts which seek declaratory judgment relief and estoppel.

In Count 2, Plaintiffs seek a declaration as to the rights of the parties and the meaning of the regulations and statutes governing Plaintiffs' pay. Am. Class Action Compl. ¶ 140. Plaintiffs' Complaint does not cite a specific statutory source for seeking a declaratory judgment; however, Plaintiffs' Opposition clarifies that they seek a declaratory judgment under Guam's declaratory judgment statute, 7 GCA § 26801.[4] Plaintiffs also claim that California law supports the extension of jurisdiction over declaratory relief actions.

Plaintiffs' cited authority, however, supports the opposite proposition. For example, Plaintiffs cite *Viner v. Civil Serv. Comm'n of City and Cty. of San Francisco*, 139 P.2d 88 (Cal. Ct. App. 1945), for its reference to a holding in *Hoyt v. Board of Civ. Serv. Comm'rs*, 132 P.2d 804 (Cal. 1942), that a declaratory relief action may be maintained against a state. While *Hoyt* indeed recognizes that declaratory relief actions can be raised against a state, *Hoyt* discusses in detail that there are limitations. "It has been held repeatedly that actions for declaratory relief involve matters of practice and procedure only and are not intended in any way to enlarge the jurisdiction of court over parties and subject-matter. . . . Declaratory judgment statutes do not

---

[3] Another holding of *Limtiaco* is that compensation for employment with the government of Guam is a due process right. Whether sovereign immunity applies to due process claims was not briefed by either party.

[4] *Barrett-Anderson v. Camacho*, 2015 Guam 20, directs that if a specific source for declaratory relief exists, that particular provision, rather than section 26801, governs the matter. However, Plaintiffs here fail to argue that any of the provisions under Guam's Administrative Adjudication Law (which the Supreme Court found applicable in *Barrett-Anderson*) apply.

authorize a determination of liability against the sovereign outside the terms of statutory provisions accepting liability and subjection to suit." *Id.* at 806. When it specifically comes to sovereign immunity concerns, *Hoyt* approves of declaratory judgment actions only if they are not otherwise barred due to immunity. *Id.*

Beyond *Hoyt*, Plaintiffs raise two other California cases, neither of which discussed declaratory relief in the context of sovereign immunity. *See* Opp. at 16 (citing *Bachis v. State Farm Mut. Auto. Ins. Co.*, 71 Cal. Rptr. 486 (Ct. App. 1968) and *Independent Laundry v. Railroad Comm'n*, 161 P.2d 827 (Cal. Ct. App. 1945)). Finally, Plaintiffs cite *Reinbold v. City of Santa Monica*, 133 Cal. Rptr. 874 (Ct. App. 1976), which also did not discuss sovereign immunity and was a mandamus action--not a civil case like the present.[5]

A final dispositive point on the issue of declaratory relief lies in the language of the relevant statute itself. Section 26801 states, "any person . . . who desires a declaration of his rights or duties with respect to another . . . may, in cases of *actual controversy* relating to the legal rights and duties of the respective parties, bring an action in the court *having jurisdiction* for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract." (Emphases added.) As stated, section 26801 actions may be pursued in a court having jurisdiction. Absent a waiver of sovereign immunity, this Court lacks the necessary statutory prerequisite of subject matter jurisdiction. Furthermore, Plaintiffs' claims do not rise to the level of an actual controversy until the Government waives its immunity from suit.

---

[5] *Topasna v. Gov't of Guam*, 2021 Guam 23, involved a mandamus action also seeking the enforcement of Rule 8.406 during the COVID-19 pandemic. The Guam Supreme Court held that the petitioner was not entitled to release from work duties or additional pay as he did not demonstrate his work facility was closed. *Topasna* did not review sovereign immunity issues.

Because sovereign immunity also precludes Plaintiffs' declaratory relief claim, it must similarly be dismissed.

### C. Count 3 (Estoppel) is barred by the doctrine of sovereign immunity, and it also is not a proper claim.

Lastly, in Count 3, Plaintiffs seek to estop Defendants from declaring they are not required to pay double pay. Am. Class Action Compl. ¶¶ 141-150. The Court's earlier Decision and Order dismissed a prior articulation of Plaintiffs' estoppel claim on grounds that they had not alleged affirmative misrepresentations or affirmative concealment. Dec. and Order at 23. Plaintiffs claim that their Amended Class Action Complaint now makes those allegations and should survive dismissal. However, Defendants move to dismiss the estoppel claim on the basis that Plaintiffs have still failed to allege sufficient facts.

Plaintiffs respond by asking the Court to match their allegations against the estoppel statute and caselaw. Plaintiffs cite as the legal authority for estoppel Guam's evidence code governing presumptions, 5 GCA § 5106(3). That section states the following presumption is conclusive: "Whenever a party has, by his own declaration, act or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act or omission be permitted to falsify it." 6 GCA § 5106(3). Carefully read, however, section 5106 describes certain presumptions and prohibits misrepresentations made in the course of a litigation; it does not provide an avenue for affirmative relief. Section 5106 therefore fails to provide a basis for an estoppel claim.

Plaintiffs next cite for support the four elements of estoppel outlined in *Limitaco*, 2007 Guam 10, which the Court has already noted for its limited use here. *Limtiaco's* test derives from *Mobil Oil Guam, Inc. v. Lee*, 2004 Guam 9. As it sets forth the test for estoppel, however, *Mobil Oil Guam, Inc.* also makes clear that estoppel is not a claim but rather a defense. *Id.* ¶ 24

("equitable estoppel is available only as a 'shield' or defense"); *see also Herring v. Volume Merchandise, Inc.*, 113 S.E.2d 814 (N.C. 1960) (estoppel "should not in any case be made the instruments of gain or profit"); *Bair v. City of Clearwater*, 196 So.3d 577, 584 (Fla. App. 2016) ("equitable estoppel is designed to prevent a loss rather than to aid a party from gaining something"); *Franklin v. St. Paul Fire & Marine Ins. Co.*, 534 S.W.2d 661, 666 (Tenn. App. 1975) ("Estoppel is available to protect a right but not to create one.").[6] Based on *Mobil Oil Guam, Inc.* and the prevailing legal standard, it does not appear that Plaintiffs can utilize the doctrine of estoppel as a claim to seek affirmative relief; they can only use it to defend against arguments made by Defendants.

Finally, even if Plaintiffs can assert estoppel as a claim, the underlying nature of the estoppel claim again raises concerns about sovereign immunity. As recently announced by the Guam Supreme Court, "in determining when sovereign immunity applies to a suit against the government of Guam, we look at the practical effect of a judgment, not its formal appellation--analyzing whether the judgment would be indistinguishable to an award of damages against the state." *San Agustin v. Mansapit-Shimizu*, 2020 Guam 25 ¶ 11. Estoppel may be equitable in nature, but the manner in which Plaintiffs here seek to utilize estoppel amounts to a claim for monetary relief. *See* Am. Class Action Compl. ¶ 148 ("Plaintiffs relied on the notion that they would receive double pay by continuing to work during the Emergency, and now they have been injured by the government of Guam because they will not receive double pay that they are due."). This theory implicates the sovereign's purse, and by extension, sovereign immunity.

If Plaintiffs are entitled to monetary relief under an estoppel theory, there must be an affirmative waiver of sovereign immunity. *Gange*, 2017 Guam 2 ¶ 15; *San Agustin*, 2020 Guam

---

[6] Based on the doctrine of estoppel, *Limtiaco* precluded the Government from refusing to pay once it acquired a legitimate excuse not to pay.

25 ¶ 25 (only the sovereign can waive immunity). Section 5106 is a rule of evidence and contains no waiver. Moreover, Plaintiffs point to no other statutory permission for an estoppel claim against the government. Plaintiffs have therefore failed to demonstrate that the government has expressly waived its sovereign immunity over estoppel claims involving pay (again, assuming that estoppel can be used as a claim).

## III.   CONCLUSION AND ORDER

Because all claims are barred by the doctrine of sovereign immunity, the Motion to Dismiss is therefore GRANTED.[7] Leave is GRANTED to amend the Amended Class Action Complaint on the narrow basis of including any necessary jurisdictional allegations.

SO ORDERED this 2nd day of May 2022.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
_RAZZANO_
_AG_
Date:_____Time:__5/2/22__

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Parties:
Joshua D. Walsh, Esq., Razzano Walsh & Torres, P.C, for Plaintiffs
Assistant Attorney General Jordan Lawrence Pauluhn, Office of Attorney General, for
        Defendants

---

[7] After finding a lack of subject matter jurisdiction, the Court declines to consider other arguments raised by Defendants.